IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMMIE LEMUEL SMITH ) | |
| ) | |
| v. ) | No. 3:22-0188 |
| ) | |
| KILOLO KIJAKAZI ) | |
|     Commissioner of Social Security ) | |

**To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

## REPORT AND RECOMMENDATION

For the reasons discussed below, the undersigned Magistrate Judge respectfully recommends that this action be DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for Plaintiff's failure to timely serve Defendant.

### Background and Procedural History

The *pro se* Plaintiff filed a complaint on March 18, 2022. (Docket No. 1.) On March 23, 2022, the District Judge entered an order referring this action to the undersigned Magistrate Judge to, among other things, oversee service of process. (Docket No. 4.) As part of that referral order, the District Judge advised Plaintiff that he was responsible for effecting service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure and provided Plaintiff with various resources to assist him in doing so. (*Id*. at 1-2.) The order also warned Plaintiff that failure to timely complete service of process — which, under Rule 4(m), requires that a defendant be served within 90 days of the filing of the complaint — would result in dismissal of his action. (*Id*. at 1.)

On June 2, 2022, the undersigned Magistrate Judge entered an order noting that Plaintiff had not yet effected service of process despite the impending 90-day deadline. (Docket No. 5.) Because Plaintiff is acting *pro se* and is thus held to less stringent standards than those imposed on practicing attorneys, *Mustin v. Guiller*, 563 F. Supp. 3d 715, 720 (N.D. Ohio 2021), the Court

attempted to help facilitate service of process by directing the Clerk of Court to reissue and provide to Plaintiff summonses for the Commissioner of the Social Security Administration, the United States Attorney for the Middle District of Tennessee, and the United States Attorney General, as required under Rule 4(i). (*Id*. at 2-3.) The order also provided Plaintiff with an extension of time to complete service of process by July 18, 2022 and to file an accompanying proof of service with the Court by August 1, 2022. (*Id*.) Although the order warned that "failure to timely effect service of process will result in a recommendation to the District Judge that this action be dismissed" (*id*. at 3), there is no indication that Plaintiff has completed service of process.

## Recommendation

Accordingly, it is respectfully RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for Plaintiff's failure to timely serve Defendant.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

2

Case 3:22-cv-00188   Document 7   Filed 08/18/22   Page 2 of 2 PageID #: 26